IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NIL GOVIND DAS, SAED GULED, STEFFANI MOWAT, ROSARIO JUAREZ ALEGRIA, VICTOR ESCOBEDO, and JORGE ROSILLO ZARAGOZA, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BERT BRANTLEY, in his official capacity as Commissioner of the Georgia Department of Driver Services,<br><br>Defendant. | Civil Action No. 1:16-cv-1367-LMM |

**PLAINTIFFS' BRIEF OPPOSING IN PART DEFENDANT'S MOTION TO STAY ALL DISCOVERY-RELATED ACTIVITIES**

Plaintiffs submit this brief opposing in part Defendant Bert Brantley's Motion to Stay all Discovery-Related Activities (Doc. 10). Defendant argues that this Court should broadly stay "all discovery-related activities" until this Court renders a decision on his pending Motion to Dismiss (Doc. 9). Plaintiffs will soon

1

file a full opposition to Defendant's Motion to Dismiss, in which they will argue that their claims are not moot because Defendant has not rescinded the unlawful policy challenged in the lawsuit. That said, Plaintiffs do not object to delaying commencement of the discovery period in this case until Defendant's Motion to Dismiss is decided.

Plaintiffs do not agree, however, that a complete delay of the conference mandated by LR 16.1, ND Ga is appropriate. Local Rule 16.1 mandates that the parties confer "within sixteen days after the appearance of a defendant by answer *or motion* and shall comply with the requirements of Fed.R.Civ.P. 26(f)." (emphasis added). The plain language contemplates that the parties confer even if a motion to dismiss has been filed. The burden on Defendant posed by participating in the conference and discussing the matters set forth in LR 16.2 is minimal. Defendant's general and conclusory allegations of burden notwithstanding, the time and effort required for the parties to engage in discussions is not onerous and will help the case move forward more efficiently if Defendant's Motion is denied. Moreover, LR 16 explicitly contemplates that the parties discuss matters that are not directly related to discovery, such as a joint statement of the issues presented by the case, the identification of necessary parties, and the possibility of settlement. *See*, *e.g.*, LR 16.2 (1), (5), (13).

In light of the fact that Plantiffs' lead counsel is taking a leave of absence from May 31-June 16, *see* Doc. 6, and Defendant's lead counsel is taking her own leave of absence on June 20-21, *see* Doc. 12, Plaintiffs are amenable to extending the time in which the parties must complete their LR 16.1 conference. Plaintiffs therefore ask that the Court order the LR 16.1 conference to be completed by June 30, 2016. *Cf. Nam v. U.S. Xpress, Inc.*, No. 1:10-CV-3924-AT, 2011 WL 1136431, at *1 (N.D. Ga. Mar. 25, 2011) (granting the defendants a "brief extension of time" to comply with the requirements of LR 16 but not a full stay while motions to dismiss, remand, and change venue were pending).

Because the Court's standing order requires that specific due dates be stated in the parties' Joint Preliminary Report and Discovery Plan, such dates may be hard to specify without knowing when the pending Motion to Dismiss will be resolved. Accordingly, Plaintiffs do not object to delaying the deadlines for filing the parties' Joint Preliminary Report and Discovery Plan and for the service of initial disclosures until 14 days after the parties' LR 16.1 conference *or* the Court's decision on a Motion to Dismiss, whichever occurs latest.

Finally, because Defendant's request to stay "all discovery-related activities" is broad and potentially susceptible to differing interpretations of what is "discovery-related" and what is not, Plaintiffs request that this Court clarify that,

apart from the specific extensions set out in the Court's order, the parties remain bound by all other obligations and deadlines under the Federal Rules of Civil Procedure and Local Rules. For example, although the parties are still in discussions regarding the matter, Defendant has indicated his view that a stay of "discovery-related activities" would relieve him from responsibility to participate in the parties' joint preparation of a Certificate of Interested Persons pursuant to LR 3.3, NDGa. This runs counter to the language and purpose of the rule, which contemplates that a certificate of interested persons be filed promptly following the defendant's appearance by answer or motion so that judges may evaluate any potential need for recusal or disqualification. *Cf. Nam*, 2011 WL 1136431, at *2 (ordering the parties to file a certificate of interested persons prior to evaluating the defendant's motion to dismiss).

Accordingly, Plaintiffs respectfully request that this Court deny Defendant's Motion in part and instead order: (1) that the commencement of the discovery period in this case shall be stayed until after this Court rules on Defendant's Motion to Dismiss; (2) the parties are still obligated to confer in accordance with LR 16.1 but the deadline for doing so is extended to June 30, 2016; (3) the parties are not required to submit their Joint Preliminary Report and Discovery Plan and serve their initial disclosures until 14 days following the parties' LR 16.1

conference or the Court's decision on a Motion to Dismiss, whichever occurs latest; and (4) no other deadlines or obligations in this case set forth in the Federal Rules of Civil Procedure or Local Rules shall be affected by the stay. To assist the Court, Plaintiffs attach a proposed order.

Respectfully submitted this 20th day of May, 2016,[1]

 /s/ Kristi L. Graunke
Kristi L. Graunke (GA Bar No. 305653)
Gillian Gillers (GA Bar No. 311522)
Naomi R. Tsu (GA Bar No. 507612)
Southern Poverty Law Center
1989 College Avenue NE
Atlanta, GA 30317
Tel: (404) 521-6700
gillian.gillers@splcenter.org
kristi.graunke@splcenter.org
naomi.tsu@splcenter.org

Justin W. Chaney (GA Bar No. 120681)
Law Offices of Justin W. Chaney, LLC
1801 Peachtree St. NW, Suite 110
Atlanta, GA 30309
Tel: (404) 475-1616
Fax: (678) 686-8473
jchaney@lawchaney.com

*Counsel for Plaintiffs*

---

[1] Counsel certifies that this document has been prepared in Times New Roman font and 14 point, in accordance with LR 5.1, NDGa.

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 20, 2016, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notice to counsel for all parties in this action.


/s/ Kristi Graunke
Kristi Graunke
*Counsel for Plaintiff*